IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2012 APR 16 PM 1:48
CLERK _____
SO. DIST. OF GA.

SEAN ROBERT ADDISON,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV211-176

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution-Victorville, Medium I, in Adelanto, California, filed a cause of action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* The United States of America ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff filed a Response. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STAEMENT OF THE CASE

Plaintiff avers that Correctional Officer Jerumy Bowen negligently assigned him to the same recreation area as Gutierrez, another inmate with an alleged history of assaulting black inmates, while Plaintiff was housed at the Federal Correctional Institution in Jesup, Georgia. Plaintiff alleges that he informed Correctional Officer Steven Pickett that it was not a good idea to place him in the same recreation area as

AO 72A
(Rev. 8/82)

Gutierrez but that Pickett ignored his warning. Plaintiff states that, before his handcuffs were removed, inmate Gutierrez, whose handcuffs had been removed, physically attacked him. Plaintiff further alleges that Special Housing Unit Lieutenant Joseph Arnett, Correctional Officers Pickett, Bowen, Wayne Mosley, Officer Wolford all responded to the disruption but did not attempt to stop the alleged attack. Finally, Plaintiff contends that the United States itself was negligent in failing to ensure that the recreation area was equipped with an inner safety chute, which would have separated prisoners that were handcuffed from those whose handcuffs had already been removed.

Defendant states that this Court lacks subject matter jurisdiction over Plaintiff's claims because his claims are barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). Defendant also asserts that Plaintiff failed to give proper notice of his tort claim regarding the inner safety chute.

## DISCUSSION AND CITATION TO AUTHORITY

The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). There are exceptions to the FTCA's waiver of sovereign immunity, and, of import in this case, is 28 U.S.C. § 2680(a), or the discretionary function exception. The FTCA does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether . . . such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a

2

discretionary function or duty on the part of a federal agency or an employee of the Government, whether . . . the discretion involved be abused.

28 U.S.C. § 2680(a). "If the discretionary function exception applies, the FTCA claim must be dismissed for lack of subject matter jurisdiction." Lambert v. United States, 198 F. App'x 835, 839 (11th Cir. 2006). A two-part test is used to determine whether the discretionary function exception applies, and thus, whether a cause of action against the United States is barred. First, "the nature of the conduct" is considered, and then it is determined "whether [the conduct] involves an element of judgment or choice." Cohen v. United States, 151 F.3d 1338, 1341 (11th Cir. 1998) (internal punctuation and citation omitted). "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive.'" Id. (quoting Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997)). Second, "if the conduct at issue involves the exercise of judgment, [a court] must determine whether that judgment is grounded in considerations of public policy." Id. "In making this determination, [courts] do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." Id. Instead, courts "focus on the nature of the actions taken and on whether they are susceptible to policy analysis." Id.

### A. Negligent Classification/Placement and Failure to Provide Safety Chute

Defendant asserts that Plaintiff's classification claims "clearly fall under" this exception, (Doc. No. 18, p. 6), as the Bureau of Prisons ("BOP") has discretion in

3

determining how to classify inmates and where to place the inmates. Defendant also asserts that the BOP's failure to provide an inner safety chute falls under this discretionary function exception, as no statute, regulation, or policy requires the BOP to provide this.

Plaintiff alleges that prison officials cannot ignore warnings of attacks, as they did in this case, even though he concedes that prison officials have the "sole discretion" about where to house inmates. (Doc. No. 21, p. 2). In support of his position, Plaintiff cites 18 U.S.C. § 4042. Pursuant to section 4042, the BOP has the duty to "provide . . . for the safekeeping, care, and . . . protection . . . of all persons charged with or convicted of offenses against the United States." 18 U.S.C. §§ 4042(a)(2)-(3).

To the extent Plaintiff contends that this statute imposes a non-discretionary duty to safeguard its charges, Plaintiff's contention fails. In Cohen, which incidentally concerned the plaintiff's assertions regarding classification issues and an assault at the hands of another prisoner, the Eleventh Circuit Court of Appeals noted that, "even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception." 151 F. 3d at 1342. In other words, "even though a statute or regulation imposes a general duty on a government agency, the discretionary function exception may still apply if the agency retains sufficient discretion in fulfilling that duty." Id. The Eleventh Circuit specifically rejected the argument that § 4042 sets forth "any required nondiscretionary actions[ ]" and that this statute "imposes a non-discretionary duty of care on the BOP which removes this case from the discretionary function exception." Id. at 1343.

4

The Eleventh Circuit also looked to 18 U.S.C. § 4081 in Cohen, which provides that: "the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions." Id. (quoting 18 U.S.C. § 4081). The Court determined that this statute does not "mandate a specific, non-discretionary course of conduct in classifying prisoners[ ]", but this statute does "give the BOP ample room for judgment[.]" Id. The Eleventh Circuit also determined that the BOP's decision-making authority regarding how to classify prisoners is "part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons." Id. at 1344 (citing Bell v. Wolfish, 441 U.S. 520, 547 (1979)).

The officers' actions in placing Gutierrez in the Special Housing Unit, failing to place him in "single separatee status", assigning Plaintiff to the same recreational cage as Gutierrez, and failing to have a safety chute on the recreational yard are within the mandates of 18 U.S.C. §§ 4042 and 4081. These actions are the type of actions for which the BOP has wide discretion in determining how these statutes are implemented within a penal institution. The allegations regarding classification and the safety chute fall within the discretionary function exception to the FTCA. Thus, this Court lacks subject matter jurisdiction over these claims.

B.   **Response to Assault**

As for Plaintiff's claim that officers did not respond to the assault in an appropriate manner, Defendant contends that officers followed proper procedures, and thus, Plaintiff's claim is barred by the discretionary function exception.

Plaintiff alleges that the case law cited by Defendant's counsel does not provide it with its requested relief.  Plaintiff also alleges that the assertions underlying his cause of action presents a case which the discretionary function exception to the FTCA should not apply.  In support of his position, Plaintiff cites Program Statement 3420.09.

Program Statement 3420.09, which governs the standards of employee conduct, directs, in relevant part, "[b]ecause failure to respond to an emergency may jeopardize the security of the institution, as well as the lives of staff or inmates, it is mandatory that employees respond immediately and effectively to all emergency situations."  Program Statement 3420.09(10)(b).  http://www.bop.gov/policy/progstat/3420_009.pdf.

"Where Congress has granted an agency discretion in implementing a regulatory statute, the agency's promulgation of regulations or guidelines describing how it will use that discretion is protected by the discretionary function exception." Cohen, 151 F.3d at 1344 (citing United States v. Gaubert, 499 U.S. 315, 323 (1991)).  "Furthermore, if the regulation or guideline mandates particular conduct, and the [agency's] employee obeys the direction, the Government will be protected [by the discretionary function exception] because the action will be deemed in furtherance of the policies which led to the promulgation of the regulation [or guideline.]"  Id. (internal citation and punctuation omitted) (alterations in original).

Program Statement 3420.09(10)(b) requires an officer to "respond immediately and effectively to all emergency situations." The first officer who witnessed the assault of Plaintiff effectively responded by immediately activating his emergency body alarm, as Plaintiff admits. It appears that this alarm alerted other officers of an emergency, and several officers came to Lieutenant Arnett's and Plaintiff's aid as a result. It is of no moment that officers did not respond to this assault in a manner Plaintiff deems appropriate. Rather, the first officer responded to witnessing the assault in a manner consistent with the directives of this Program Statement. This officer's actions fall within the discretionary function exception to the FTCA, and this Court lacks subject matter jurisdiction over this portion of Plaintiff's Complaint.

It is unnecessary to address the remaining portion of Defendant's Motion.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that Defendant submitted two (2) attachments to its Motion. In reaching the recommended disposition of Defendant's Motion, the undersigned did not consider these attachments. Accordingly, the undersigned need not convert Defendant's Motion to Dismiss as one for Summary Judgment.