IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SEAN ROBERT ADDISON,

    Plaintiff,

vs.                                                            CIVIL ACTION NO.: CV211-176

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections were filed.[1] Defendant United States of America ("United States") filed a Response. In his Objections, Plaintiff contends that the Magistrate Judge overlooked his broader claim that the prison officials had a constitutional duty to protect him from attack. However, it is Plaintiff who overlooks that he only named the United States of America as a Defendant for the negligent actions of its employees, and, as such, his Complaint was served based on the Federal Tort Claims Act ("FTCA"), which permits causes of action in tort against the United States of America. The FTCA does not permit a plaintiff to

---

[1] Plaintiff's Objections found at Docket Entry Number 31 and filed on June 15, 2012, are nothing more than an exact copy of Plaintiff's Objections found at Docket Entry Number 27, which were filed on May 7, 2012. The undersigned notes the United States' contention that Plaintiff's Objections were untimely, as they were to be filed on or before May 3, 2012. However, Plaintiff states in his "Certificate of Mailing" that he delivered his Objections to prison staff on April 27, 2012. (Doc. No. 27, p. 8). Given this, Plaintiff's Objections are not untimely, as April 27, 2012, is the date on which his Objections were filed. Houston v. Lack, 487 U.S. 266, 276 (1988) (a prisoner's pleading is filed when he delivers it to prison officials for forwarding).

AO 72A
(Rev. 8/82)

pursue a cause of action for constitutional violations. If Plaintiff was not satisfied with the basis of the Court's service of his Complaint, the time for objection is not in response to the Magistrate Judge's Report addressing the United States' Motion to Dismiss.

Plaintiff also objects to the Magistrate Judge's failure to consider the attachments the United States submitted in support of its Motion. It was not error for the Magistrate Judge to not consider these attachments. It is clear the Magistrate Judge relied on the pleadings without attachments and the law in reaching his recommended disposition of the United States' Motion.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The United States' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 10 day of July, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA